United States District Court
Southern District of Texas
**ENTERED**
December 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SYLVIA PEREZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-cv-00487 |
| § | |
| MERIDIAN SECURITY INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

### OPINION AND ORDER

The Court now considers Plaintiff's Motion to Strike Any Documentary or Rebuttal Witnesses[1] and Motion for Spoilation [sic] Sanctions and Adverse Inference regarding Defendant's Knowing and Intentional Unlawful Conduct.[2]

First, in light of the number of witnesses Plaintiff seeks to call and the requested five-hour timeframe, the Court hereby **CONTINUES** the hearing to assess damages to **January 10, 2023, at 9:00 a.m.**

### I.   Facts and Procedural History

This case arose out of a dispute over coverage and payment for windstorm damage to Plaintiff's property.[3] Plaintiff filed suit in state court on November 23, 2021,[4] and Defendant removed to this Court on December 12, 2021.[5] On March 25, 2022, Defendant responded to Plaintiff's discovery requests with boilerplate objections and did not include any responsive

---

[1] Dkt. No. 19.
[2] Dkt. No. 20.
[3] Dkt. No. 1-2 at 4, ¶¶ 5.6-5.7.
[4] *Id.*
[5] Dkt. No. 1.

documents.[6] Plaintiff attempted to resolve this lack of cooperation directly,[7] but ultimately had to file a motion to compel.[8]

After the Court facilitated an agreed-upon supplementation deadline,[9] that deadline also passed without any new production. Since then, Defendant has still not responded or supplemented discovery despite Plaintiff's unopposed second motion to compel,[10] the Court's order granting it,[11] the Court's imposition of monetary sanctions,[12] and Plaintiff's motion for default judgment[13] (where the Court struck Defendant's answer and set a hearing to assess damages).[14]

## II.    Discussion

### A.  *Plaintiff's Motion to Strike Any Documentary or Rebuttal Witnesses*

Plaintiff moves to prevent Defendant from presenting any evidence at the hearing given that no evidence has been produced in discovery.[15] By operation of Federal Rule of Civil Procedure 37(c), when evidence is not disclosed or supplemented in violation of Rule 26, "the [violating] party is not allowed to use that information or witness to supply evidence . . . at a hearing . . . unless the failure was substantially justified or is harmless."[16] Rule 37(c)'s exclusion operates automatically without the Court's order. Therefore, the motion to strike[17] is **DENIED AS MOOT**, but the Court will enforce Rule 37(c) at the hearing.

---

[6] Dkt. No. 10-2.
[7] Dkt. No. 10-3.
[8] Dkt. No. 10.
[9] Minute Entry for Dkt. No. 11.
[10] Dkt. No. 13.
[11] Dkt. No. 14.
[12] Dkt. No. 17.
[13] Dkt. No. 16.
[14] Dkt. No. 18.
[15] Dkt. No. 19 at 2, ¶ 4.
[16] Fed. R. Civ. P. 37(c).
[17]

The Court will permit the appearance of Victor J. Gonzalez, Jr. for the purpose of direct examination of Jason Palker and therefore **GRANTS** that request. Should Plaintiff wish to have Mr. Gonzalez served pleadings and notices in this case, she should file a Notice of Appearance with the Clerk of Court.

### B. Motion for Spoilation [sic] Sanctions and Adverse Inference regarding Defendant's Knowing and Intentional Unlawful Conduct

Under the Texas Insurance Code, "on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages."[18] Plaintiff asks the Court to make an adverse inference as to knowledge, comparing Defendant's lack of production to spoliation of evidence.

An adverse inference based on spoliation requires the movant to prove:[19]

1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed;
2) the evidence was destroyed with a culpable state of mind; and
3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.[20]

Here, spoliation is a non-starter because Plaintiff has no factual basis to prove that documents were destroyed. Even if withholding evidence is the functional equivalent of destruction from Plaintiff's perspective, it is not the legal equivalent. Plaintiff's request for relief under Rule 37(e)(2) is therefore **DENIED**.

Furthermore, knowing misconduct by Defendant's attorney during litigation does not necessarily equate to knowledge as described in § 541.152. The knowing misconduct that Plaintiff seeks to prove in order to be eligible for treble damages is about bad faith dealing with respect to

---

[18] TEX. INS. CODE § 541.152.
[19] *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 616 (S.D. Tex. 2010) (stating that the burden of proof is on the moving party).
[20] *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020).

Plaintiff's insurance claim under the policy.

But the issue remains that Plaintiff has not been supplied with documents that might allow her to prove Defendant's knowing misconduct under § 541.152. At the hearing, the Court will consider all evidence and reasonable inferences to make a determination about Defendant's state of mind. It will be Plaintiff's burden to prove—even if by circumstantial evidence—that Defendant "knowingly committed the act complained of."[21]

### III. Conclusion

For the reasons above, the Court **DENIES AS MOOT** Plaintiff's motion to strike,[22] **GRANTS** the limited appearance of Mr. Gonzalez, and **DENIES** Plaintiff's motion for a finding of spoliation and adverse inference.[23] The hearing on damages is hereby **CONTINUED** to **January 10, 2023,** at **9:00 a.m.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of December 2022.

_____
Micaela Alvarez
United States District Judge

---

[21] Tex. Ins. Code § 541.152.
[22] Dkt. No. 19.
[23] Dkt. No. 20.