United States District Court
Southern District of Texas
**ENTERED**
March 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SYLVIA PEREZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-cv-00487 |
| § | |
| MERIDIAN SECURITY INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER AND OPINION

The Court now considers Defendant's motion to vacate the judgment and reinstate its pleadings[1] and Plaintiff's response.[2] After considering the arguments, authorities, and evidence, the Court **DENIES** Defendant's motion.

### I. PROCEDURAL HISTORY

The instant motion arises from the Court's judgment issued against Defendant, Meridian Security Insurance Company ("Defendant" or "Meridian").[3] In various rulings throughout this litigation, the Court has more thoroughly reviewed the conduct of Defense counsel, James Walter Goldsmith Jr. ("Defense counsel" or "Mr. Goldsmith"), who failed to participate in discovery, file responsive pleadings, and comply with the Court's orders.[4] Problems first came to the Court's attention with Plaintiff's first motion to compel on April 6, 2022.[5] Defense counsel's failure to comply with a Court-facilitated resolution necessitated a second motion to compel on September

---

[1] Dkt. No. 38.
[2] Dkt. No. 39.
[3] Dkt. No. 30.
[4] *E.g.,* Dkt. No. 18; reviewed by Defendant at Dkt. No. 38 at 3-7.
[5] Dkt. No. 10.

8, 2022.[6] After numerous orders to comply and opportunities to rectify the issues, the Court—on Plaintiff's motion—struck Defendant's answer and set a hearing to assess damages.[7]

The hearing was held on January 10, 2023, and was attended by counsel for both parties. The Court made findings of fact and conclusions of law,[8] and issued final judgment on February 7, 2023.[9] Defendant, now represented by new counsel, moves to distance itself from the mistakes of its counsel. It asks the Court to vacate its final judgment and reinstate its answer.[10]

The question at this stage is not whether Defense counsel's conduct was sufficient to warrant death penalty sanctions, but whether that conduct is properly attributable to his client, Meridian Security Insurance Company.

## II.    LEGAL STANDARD

Defendant moves under Federal Rules of Civil Procedure 59(a) and (e) and 60(b)(6). These provisions are discretionary. Rule 59 provides that a Court "may, on motion, grant a new trial . . . for any reason for which a rehearing has heretofore been granted in a suit in equity."[11] It also allows alteration or amendment of a judgment to "correct a clear error of law or prevent manifest injustice"[12] so that the Court has an opportunity to "rectify its own mistakes in the period immediately following its decision."[13] The Fifth Circuit has further observed that Rule 59(e) is an "extraordinary remedy that should be used sparingly."[14]

---

[6] Dkt. No. 13.
[7] Dkt. No. 18.
[8] Dkt. No. 29.
[9] Dkt. No. 30.
[10] Dkt. No. 38.
[11] FED. R. CIV. P. 59(a)(1)(B).
[12] *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. App'x 533, 537 (5th Cir. 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (interpreting Rule 59(e)).
[13] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).
[14] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Rule 60(b)(6) provides that the Court "may relieve a party . . . from a final judgment [for] any other reason that justifies relief."[15] However, the Court may act under this provision "only on a showing of 'extraordinary circumstances.'"[16]

### III. DISCUSSION

Meridian argues that its representative, Mark Fasone, diligently attempted to liaise with Mr. Goldsmith such that the Court's finding for Plaintiff on *Connor* factor (2)—that "the client, rather than counsel, is responsible for the violation"[17]—was clearly erroneous.[18] It further argues that because Meridian and Mr. Goldsmith "'were not acting as one,'" it would be manifestly unjust to hold Defendant accountable for the judgment,[19] and that Mr. Goldsmith's gross negligence constitutes an extraordinary circumstance.

#### A. The attorney-client relationship between Mr. Goldsmith and Meridian

Meridian provides a timeline which lays out Mr. Fasone's communications with Mr. Goldsmith throughout the course of this litigation. Mr. Fasone is a "Senior Examiner and Quality Assurance Specialist" for Defendant and served as the primary adjuster for Plaintiff's case.[20] He engaged the Lanza Law Firm to respond to Plaintiff's pre-suit demand letter and worked with various attorneys at the firm prior to Plaintiff's original petition. Mr. Goldsmith was assigned to the case for pre-suit mediation.[21] After Plaintiff filed her original petition, Mr. Fasone instructed Mr. Goldsmith to file the notice of removal, answer, and discovery responses between December 2021 and April 2022.[22]

---

[15] FED. R. CIV. P. 60(b)(6).
[16] *Raby v. Davis*, 907 F.3d 880, 884 (5th Cir. 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).
[17] Dkt. No. 18 at 3 (citing *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)).
[18] Dkt. No. 38 at 9.
[19] *Id.* at 11 (citing *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978)).
[20] *Id.* at 15.
[21] *Id.* at 15-16.
[22] *Id.* at 15-16.

But after that stage, Mr. Fasone took a big step back. He did not know about, nor did Mr. Goldsmith inform him of the discovery dispute and the resulting hearing at the courthouse on July 19, 2022.[23] Mr. Fasone asked for an update on the case on August 11, 2022, but Mr. Goldsmith put off and rescheduled their phone call until November 11, 2022.[24] At that meeting, Mr. Goldsmith told Mr. Fasone that the case was set for trial sometime after February 23, 2022.[25] But he did not tell him that in the intervening time, the Court had granted Plaintiff's motion to compel and motion for sanctions.

On the November 11th call, Mr. Goldsmith did not tell Mr. Fasone that the Court had struck Meridian's answer the day prior.[26] During that call, Mr. Fasone indicated that they should speak again in 30 days to discuss their proposed settlement unless Plaintiff made a settlement offer before then.[27] But Mr. Goldsmith again delayed the call, and the two did not end up discussing the settlement offer that December.[28]

Mr. Goldsmith contacted Mr. Fasone on January 9, 2023, to request authorization to travel to McAllen for a hearing, and he represented that Plaintiff had not responded to settlement inquiries.[29] Mr. Fasone approved the travel without asking what the hearing was about.[30]

The Court held a hearing on January 10, 2023, to assess damages. Mr. Fasone asked for an update from Mr. Goldsmith on January 23, 2023, but did not hear back.[31] The Court issued its

---

[23] *Id.* at 16.
[24] Dkt. No. 38 at 18.
[25] *Id.*
[26] *Id.*; *see* Dkt. No. 18.
[27] Dkt. No. 38 at 18.
[28] *Id.* at 26.
[29] *Id.* at 19.
[30] *Id.* at 19, 27.
[31] *Id.* at 19.

judgment on February 7, 2023, and shortly thereafter, Mr. Fasone heard through the grapevine that Plaintiff's counsel had been bragging about his win in this case.[32]

### B. Responsibility for violations that led to the Court striking Defendant's answer

When the Court struck Meridian's answer, it held the following under the United States Supreme Court's precedent on lawyer-as-agent under *Link*:

> As a general rule in civil cases, clients are bound by the action (or inaction) of their attorneys. Defendant Meridian Security Insurance Company is no exception to this rule. As an insurer, Defendant is familiar with litigation related to disputed claims, the discovery process, and the need to ensure effective representation of its own interests. Complete failure by counsel to comply with discovery requests and with the Court's orders is properly binding on Defendant.[33]

Even knowing what it knows now about Mr. Fasone's communications, the Court does not find that this holding was erroneous or unjust.

Defendant argues that the Court's *Conner* finding was clearly erroneous because of Mr. Goldsmith's gross negligence provides an exception to *Link*'s applicability.[34] The position to which Defendant refers—espoused by the Third, Sixth, Ninth, and Federal Circuits—is that gross negligence is an extraordinary circumstance, thus potential grounds for discretionary relief under Rule 60(b)(6).[35] The position is *not* that gross negligence by an attorney is a *per se* bar to default judgment; gross negligence merely opens the door for the Court—in its discretion—to consider the possibility that an innocent client should be spared. So even if the Court adopted this side of the circuit split, it would not support a finding of "clear error" under Rule 59.

---

[32] *Id.* at 30.
[33] Dkt. No. 18 at 4 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)).
[34] Dkt. No. 38 at 9.
[35] *E.g., Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). Plaintiff points out that the First Circuit has rejected this view outright, *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.d 1, 18 (1st Cir., 2003), and that the Fifth Circuit has not weighed in.

The question remains, however, whether the Court should grant some discretionary relief. Rule 59(e) allows alteration or amendment for "manifest injustice" in addition to "clear error."[36] "There is no general definition of manifest injustice; rather, courts evaluate whether there has been a manifest injustice on a case-by-case basis."[37] But "[t]here is no manifest injustice for purposes of a Rule 59(e) motion where . . . a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered."[38]

Similarly, the Court has the discretion to grant relief from a judgment for extraordinary circumstances under Rule 60(b)(6). Under the view argued for by Defendant and described above, gross negligence by an attorney is an extraordinary circumstance. Even if the Fifth Circuit had adopted this view (which it has not) *and* the Court found gross negligence, it could still deny discretionary relief. In the thumbnail case for Meridian's argument, *Tani*, the Ninth Circuit stated:

> Having held that an attorney's gross negligence may constitute "extraordinary circumstances" under Rule 60(b)(6), we now proceed to apply this rule to the case at hand. Upon review of the record, it is clear that in this case "extraordinary circumstances" justify the granting of relief from the default judgment.[39]

For relief, extraordinary circumstances must not only exist; they must also *justify* the relief requested.

It is at this step that Defendant fails. Even if the Court found that Mr. Goldsmith was grossly negligent, Meridian's parallel negligence makes relief inappropriate. Mr. Fasone's job entails managing Meridian's litigation for his assigned cases. Plaintiff's response briefing includes evidence of several job postings with Defendant for positions similar to Mr. Fasone's, and the descriptions include "[m]anag[ing] the litigation process through the retention of counsel,"[40]

---

[36] *McGillivray*, 360 F. App'x at 537.
[37] *Bender Square Partners v. Factory Mut. Ins. Co.*, No. 4:10-cv-4295, 2012 U.S. Dist. LEXIS 74709, at *12 (S.D. Tex. 2012).
[38] *Newby v. Enron Corp.*, No. MDL-1446, 2011 U.S. Dist. LEXIS 93307, at *69 (S.D. Tex. 2011).
[39] *Tani*, 282 F.3d at 1170.
[40] Dkt. No. 39-1 at 1.

"[c]oordinat[ing] the litigation activities associated with assigned claims to ensure a timely and cost-effective resolution,"[41] and "managing the practices and billing activities of outside and in-house counsel."[42]

When Meridian's case against Plaintiff began, Mr. Fasone's management scrutiny was high. He knew when discovery materials were filed, and he told Mr. Goldsmith who to depose.[43] But with time, Mr. Fasone's competent oversight waned. Throughout the timeline that Defendant provides, there is no indication that Mr. Fasone asked to be copied on all correspondence, requested copies of discovery materials exchanged between the parties, requested copies of court filings, asked for billables from Mr. Goldsmith, conducted his own PACER search of the docket, or contacted other Lanza Firm employees when Mr. Goldsmith was unresponsive. Any of these actions would have alerted Meridian to its agent's conduct. When a litigation adjuster allows outside counsel to ignore him for months at a time, he does so at his own risk.

Meridian points to the Court's differentiation between counsel and client in its December 2, 2022, order,[44] hoping to churn up some asymmetry in the Court's holdings. But there, the Court denied Plaintiff's requested pre-trial finding of knowing misconduct under the Texas Insurance Code because that finding should be based on adjusters' conduct in the initial handling of Plaintiff's claim (before Mr. Goldsmith was even hired). The Court declined to make that finding until Plaintiff presented evidence at the hearing on damages and Mr. Goldsmith was able to make objections and cross examine witnesses. That holding did not relate to sanctions under Rule 37 or *Conner*.

---

[41] Dkt. No. 39-2 at 3.
[42] Dkt. No. 39-3 at 4.
[43] Dkt. No. 28 at 24.
[44] Dkt. No. 38 at 34-35.

While there was certainly a lack of communication between Mr. Fasone (on behalf of Meridian) and Mr. Goldsmith, the two were aligned in their inexcusable neglect of this case. Defendant is a sophisticated, corporate client with a designated litigation manager that oversees how outside counsel litigates cases against it.[45] Therefore, the Court need not wade into the waters of the circuit split briefed by the parties. Even on the view most favorable to Defendant, the Court **DENIES** relief under Rule 60(b)(6) and Rule 59.

IV.   **CONCLUSION**

Defendant has not shown clear error or manifest injustice in the Court's striking its answer, nor has it shown that extraordinary circumstances justify relief from the judgment. Defendant's motion under Rule 59 and Rule 60 is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of March 2023.

_____
Micaela Alvarez
United States District Judge

---

[45] The Court's original presumption that an insurance company's sophistication made its attorney's conduct attributable to it (Dkt. No. 18 at 4) has borne out. The obvious undercurrent in the cases cited by Defendant is that the defaulting parties were innocent and should not be expected to "manage" their attorneys. *Boughner*, 572 F.2d at 979 (finding an "absence of neglect by the parties"); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986) (rejecting plaintiff's argument that the defendant encouraged its attorney's conduct); *Tani*, 282 F.3d 1171 (emphasizing that the defaulting party was guiltless and was misled by his attorney); *L. P. Steuart, Inc. v. Matthews*, 117 U.S. App. D.C. 279, 329 F.2d 234, 235 (1964) (where the defaulting party was "a person unfamiliar with court procedures" and *still* discovered the default by calling the Clerk of Court). But here, the evidence shows that Meridian is a sophisticated party and that it was negligent in litigating this case.